## R. W. WOOLLY *v.* LESLIE COMBS.

**Process—Judgment.**

No valid judgment can be entered against persons not brought before the court by the service of process, and who do not appear to the action in which judgment is entered.

**Liability of Stockholders in Railroad Corporations.**

Where a railroad company is hopelessly insolvent and unable to carry out the purposes of its creation, and is in process of liquidation, stockholders cannot be required to pay on their subscriptions a greater sum than is necessary to satisfy outstanding liabilities, and where a creditor shows in his petition that there are debts due the corporation from persons not indebted to it on account of stock subscription, sufficient to pay his claim, and such debtors are not shown to be insolvent, he must exhaust them before he can recover against stockholders.

APPEAL FROM FAYETTE CIRCUIT COURT.

March 31, 1877.

OPINION BY JUDGE LINDSAY:

In 1865, Grinstead recovered a judgment for a considerable sum of money against the Lexington & Danville Railroad Co., execution was issued, and, except as to a very small sum, was returned no property found. Combs, who is the assignee of Grinstead, instituted his action against the railroad company under the provisions of Sec. 474, Civil Code of Practice, and seeks to subject to the satisfaction of the judgment sums of money alleged to be due from third parties to the insolvent corporation. The record shows that all the tangible property of the company has been sold for the payment of its debts, that the enterprise, for the accomplishment of which the corporation was created, has been finally abandoned, and that its organization can be continued for no other purpose than the settlement of its affairs.

Combs alleges that Woolly was a subscriber for two hundred fifty dollars of the capital stock of the company; that his subscription was transferred to Higgins & Gillis many years since; that they obtained judgment against him, and that the judgment was afterwards transferred to the company, and yet remains unpaid. He seeks to compel Woolly to satisfy this judgment, and to have the proceeds applied to the payment of his claims.

Woolly denied that the company was indebted to Combs in any sum whatever, and charged that he transferred certain pretended claims to Grinstead, with the understanding and agreement that the latter was to sue on them, and have process served on Combs, the then acting president of the company, who was to permit judgment to go by default, and that this agreement or understanding was carried out.

The defenses interposed by Woolly were deemed insufficient, and judgment was rendered against him. The action of the circuit court was reversed on appeal by this court, and on the return of the cause the parties amended their pleadings and made additional preparation, and on the hearing, Combs was again adjudged to be entitled to the relief sought, and Woolly has again appealed.

There are two errors in the way of preparation, either of which would require a reversal. The real debtor and the principal defendant, the railroad company, has never been served with summons, and was not before the court when the judgment was rendered. The personal representative of Gillis, now deceased, one of the assignors of the judgment against Woolly, who is a necessary party, as the judgment was not an assignable obligation, is not before the court.

A warning order was entered requiring her to appear and answer the appellee's petition, but this order was not based on an affidavit of non-residence as required by the Civil Code, and the court erroneously allowed Combs to make the affidavit, or rather to verify an amended petition after Woolly had entered a motion to quash or set aside the order.

But there are still other reasons affecting the merits of the cause requiring a reversal. As the railroad company is hopelessly insolvent and utterly incapable of carrying out the purposes of its creation, and is now in process of liquidation, it would be obviously wrong to require the stockholders to pay on their subscriptions a greater sum than is absolutely necessary to satisfy the outstanding liabilities.

The only creditor seeking relief is this appellee. He shows in his original petition that there is due the company from persons not indebted to it on account of stock subscriptions sums of money greatly more than sufficient to pay his claims. He also shows that many other persons, as well as Woolly, owes the company unpaid stock subscriptions. None of these parties are shown to be insolvent. Before resorting to the judgment against Woolly, Combs should be required to exhaust his remedies against the parties who owe ordinary debts to the company, and if these debts prove insufficient, even then Woolly cannot be required to pay more than his proportionate share with the other stockholders who owe for stock.

The evidence of Grinstead shows that he at no time held an interest in or a claim to the judgment now held by Combs. He accepted the assignment of the claims, and permitted his name to be used as plaintiff in the action against the company, at the instance and for the benefit of Combs. Under these circumstances, and in consideration of the further fact that Combs was the principal officer and manager of the defunct corporation, "There is nothing unreasonable in requiring the appellee to bring the stockholders before the court, that it may decree from each solvent one pro rata, according to what he may owe, a sufficient sum to pay the liabilities of the company to him. *Lexington & Big Sandy R. Co. v. Bondurant,* 1 Ky. Opin. 458. And, as we have already seen, this should not be done until all the assets of the company shall be exhausted.

Nor should the judgment as against the stockholders be regarded as more than prima facie evidence of the indebtedness of the company, and if Combs accepted the bonds delivered to him, not as collaterals, but as payments of his claims, they should be charged to him at $700.00 instead of $418.00.

We think the loss of the company's books is sufficiently proved to allow the testimony of Combs and Drake to be considered.

The stock subscriptions and the claims due the company from third parties did not pass under the rule made pursuant to the judgment in favor of Prewitt & Seymour.

Judgment *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*Breckenridge & Shelby, for appellant.*

*Kinkead & Kinkead, for appellee.*